# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| **MARK BROACH** | Case No. 1:12-cv-00066 |
| c/o Gerhardstein & Branch Co., LPA | |
| 432 Walnut Street #400 | |
| Cincinnati, OH 45202 | |
| | **COMPLAINT AND JURY DEMAND** |
| **Plaintiff** | |
| vs. | |
| **City of Cincinnati** | |
| **c/o Mark Mallory, Mayor** | |
| **801 Plum Street** | |
| **Cincinnati, OH 45202** | |
| **Defendant** | |

## I. PRELIMINARY STATEMENT

1. This is a civil rights case challenging race discrimination and retaliation against an African American Fire Lieutenant by the City of Cincinnati. Lt. Broach refused to join in the retaliation against an African-American firefighter; cooperated with that firefighter's discrimination charge; and filed a charge of racial discrimination against his Captain. Lt. Broach himself was then targeted for discrimination and retaliation. He was required to submit to a fitness for duty evaluation, in violation of policy and procedures. Lt. Broach was evaluated and found fit for duty. But the discrimination and retaliation continues. The City has not yet returned him to duty. He has been on leave without pay for over 14 months. Lt. Broach files this action seeking fair compensation, reinstatement and to encourage the City to end discrimination against African American Firefighters.

1

## II. JURISDICTION

2. Jurisdiction of this court is invoked pursuant to 42 U.S.C. §2000e-5(f) and 28 U.S.C. §1343 (3) and (4).

3. On December 29, 2010, Lt. Broach filed a charge, pursuant to Title VII, of employment discrimination based on race discrimination and retaliation with the U.S. Equal Employment Opportunity Commission. The EEOC issued a right to sue letter on October 26, 2011. A copy is attached as Exhibit A.

## III. PARTIES

4. Plaintiff is a Firefighter with the City of Cincinnati Fire Division. He resides in Hamilton County, Ohio. Plaintiff is an African American male. During all relevant times he has been an employee of the City of Cincinnati. He is an employee within the meaning of Title VII and O.R.C. § 4112.01(A) (3).

5. Defendant City of Cincinnati is the employer of Plaintiff and is a public employer within the meaning of Title VII and O.R.C. § 4112.01(A) (2).

## IV. FACTUAL ALLEGATIONS

6. Mark Broach began his career as a Firefighter in 1988. He was promoted to Lieutenant in 1994. He transferred to Engine Company 34 in 2006. At Engine 34 he was supervised by Captain Kevin Campbell, who is white.

7. Lt. Broach started supervising Ron Evans, an African American Firefighter at Engine 34, Captain Campbell continually requested Lt. Broach to discipline Evans.

8. Captain Campbell made derogatory remarks regarding Evans.

9. Captain Campbell told Lt. Broach to discipline African American Firefighter Ron Evans for minor infractions that would not trigger discipline against white Firefighters. Captain Campbell told Lt. Broach to cooperate in his plan to get rid of Evans.

10. Lt. Broach believed Captain Campbell's motivation in attempting to terminate Evans was motivated by Evans' complaining about race discrimination. Lt. Broach refused to discriminate or retaliate against Evans.

11. Lt. Broach was subjected to a hostile work environment after he made it clear to Captain Campbell that he would not discipline Firefighter Evans for what Lt. Broach believed were discriminatory reasons.

12. In February 2010 Lt. Broach was falsely accused of multiple rule violations, including neglect of duty and incompetency, for his actions at a fire at 331 Ludlow Ave on February 10, 2010. As a result, Lt. Broach was relieved of his command duties and put on leave.

13. In March 2010, Lt. Broach filed a charge of racial discrimination against Captain Campbell, among others, for the charges that Lt. Broach believed were falsely made because of his race and his opposition to discrimination. The charge was filed with the City's Equal Employment Opportunity office ("EEO").

14. Lt. Broach felt stress from being falsely charged, placed on leave, and put in the position of having to defend himself and file a charge of racism. He sought counseling through the City's Employee Assistance Program ("PEAP").

15. In September 2010 Lt. Broach's counselor advised him he should return to work and an Employee Health Services medical doctor approved Lt. Broach to return to work on September 21, 2010.

16. On September 24, 2010 the City of Cincinnati cleared Lt. Broach of all charges made against him in February. All charges against him were "unfounded." Lt. Broach was notified of this decision in September and soon thereafter returned to active duty.

17. On October 6 and 13, 2010 Lt. Broach was interviewed by the EEO investigator in relation to his complaint against Captain Campbell. Captain Campbell attended both interviews and directly challenged Lt. Broach's accusations. The EEO process was not neutral. Lt. Broach was required to state the basis for his charges in front of Captain Campbell, and Captain Campbell was allowed to confront him directly as he did so,. Moreover, a lieutenant from Internal Investigations was present at the EEO meetings clearly implying that Lt. Broach was at risk of more charges based on his statements at the EEO interview. Lt. Broach conducted himself professionally and honestly during the EEO meetings. The EEO investigation did not result in any decision. EEO just closed the complaint in November 2010 because Lt. Broach and Captain Campbell had agreed on how to supervise Ron Evans in the future.

18. On October 19, 2010 Lt. Broach was summoned to a meeting with Assistant Chief Kuhn, who is white, as well as several others. Lt. Broach was informed he was being relieved from duty. No reason was given for being relieved from duty. No discipline was issued. In fact, nothing was ever put in writing to Lt. Broach to explain why he was placed on leave.

19. In November 2010 Lt. Broach signed an affidavit on behalf of Ron Evans, who was pursuing a charge of racial discrimination against the City. The City received Lt. Broach's affidavit November 18, 2010.

20. The City required Lt. Broach to submit to a fitness for duty evaluation. Lt. Broach was told at the time that the referral was because of his actions during the EEO

4

investigation of his discrimination complaint against Captain Campbell. Lt. Broach had apparently "set someone off" during the investigation.

21. In October 2011 the City informed Lt. Broach that if he did not submit to a fitness for duty evaluation he would be terminated. Lt. Broach protested the need for a fitness for duty evaluation, believing it was in retaliation for his protected activities and was in violation of City policies. Nonetheless, he did submit to the fitness for duty evaluation because without it the City would not allow him to return to work.

22. The City also required that Lt. Broach release the extensive psychological evaluation to individuals who had no right to a copy of Lt. Broach's private healthcare information, including the Union, Internal Investigations and Fire Division supervisors. The City treated Lt. Broach differently than other employees who submit to fitness for duty evaluations.

23. Lt. Broach was declared fit for duty on November 17, 2011. Two months later, as of the date this complaint is being filed, Lt. Broach has still not been reinstated to his position as Lieutenant at Engine 34.

24. Lt. Broach's opposition to discrimination against Ron Evans, his testimony in support of Ron Evans, his EEO complaint against City officials including Captain Campbell, and his prosecution of that complaint are all activities protected by Title VII and O.R.C. § 4112.

25. The City's actions in filing unfounded charges against Lt. Broach, taking him off duty in March 2010 and again in October 2010, requiring him to submit to a fitness for duty evaluation, failure to reinstate him once he was found fit for duty, and failure to pay him for more than a year all were discriminatory, created a hostile work environment, and were also in retaliation for Lt. Broach engaging in protective activity.

26. On information and belief no other Firefighter was been required to submit to a fitness for duty evaluation under the similar circumstances, others have been put on leave with sick pay while the fitness for duty evaluation was pending, and others have been returned to duty after they have been determined fit for duty.

27. Defendant City of Cincinnati's policies, practices, customs and usages permitting discrimination and retaliation against African American Fire Division employees who complain of race discrimination was a moving force behind the retaliation and discrimination of Lt. Broach. An example of the City's policies, practices, customs and usages can be found in the Complaint in *Evans v. City* Case No. 1:11-cv-813. At all times relevant to this action the City's supervisory officers and officials have acted consistent with and pursuant to City's policy, custom and usage permitting discrimination and retaliation against African American Fire Division employees who complain of race discrimination.

28. As a direct and proximate result of Defendant's conduct, Lt. Broach has suffered and will continue to suffer damages from humiliation, embarrassment, disgrace, loss of dignity and self-worth, emotional distress, mental suffering and lost wages and benefits.

### V. FIRST CAUSE OF ACTION – TITLE VII –RETALIATION AND DISCRIMINATION

29. Defendant discriminated against Plaintiff on the basis of his race, discriminated against Defendant based on his opposition to race discrimination, created a hostile work environment, and retaliated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

### VI. SECOND CAUSE OF ACTION- § 4112.99- RACE DISCRIMINATION AND RETALIATION

30. Defendant has discriminated against Plaintiff on the basis of his race, on the basis that he opposed discrimination of another, and it has retaliated against Plaintiff for filing a charge of discrimination and providing testimony to another in his claim of discrimination, all in violation of Ohio Revised Code § 4112.01 *et seq,* Ohio Revised Code §§ 4112.02(A) and (I).

### VII.  THIRD CAUSE OF ACTION – Section 1983 Equal Protection and Due Process

31. Defendant has acted under color of law and has violated the rights secured to the Plaintiff under the Equal Protection Clause and the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

### VII. CLAIM FOR RELIEF

WHEREFORE, Plaintiff demands that the court:

A.  Award Plaintiff reinstatement, back pay, all lost benefits, front pay and other equitable relief.

B.  Award Plaintiff compensatory damages in an amount to be determined at trial.

C.  Award Plaintiff prejudgment interest.

D.  Award Plaintiff reasonable attorney fees and costs.

E.  Order such other relief as the Court deems appropriate.

Respectfully submitted,

/s/ Jennifer L. Branch
Jennifer L. Branch (0038893)
Trial Attorney for Plaintiff
Alphonse A. Gerhardstein (0032053)
Attorney for Plaintiff
GERHARDSTEIN & BRANCH CO. LPA
432 Walnut St., Suite 400
Cincinnati, OH 45202
(513) 621-9100
Fax (513) 345-5543
jbranch@gbfirm.com

agerhardstein@gbfirm.com

**JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues triable by a jury.

/s/ Jennifer L. Branch
Jennifer L. Branch