IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MARK BROACH, | Case No. 1:12-cv-00066 |
| Plaintiff, | Magistrate Judge Stephanie K. Bowman |
| vs. | |
| CITY OF CINCINNATI, | **PLAINTIFF'S RESPONSE TO DEFENDANT'S PROPOSED UNDISPUTED FACTS (DOC. 38).** |
| Defendant. | |

PLAINTIFF'S RESPONSE TO PROPOSED UNDISPUTED FACTS

1. Plaintiff disputes that Capt. Potter had no knowledge of any alleged discrimination or protected activity prior to February 18, 2010. Broach Dep. Vol. 1 p. 121:8-15, 122:16-123:1; 123-124. Captain Potter did not deny this conversation in his affidavit (Doc. 24).

2. Plaintiff engaged in protected activity when he opposed racial discrimination. This occurred before February 18, 2010. Ex. 6, Broach Affidavit, Doc. 32-1 Broach Dep. Vol.1 p. 9-10, 243; Broach Dep. Vol. 1 pp. 14-16, 76.

3. Plaintiff disputes that his allegations are not based on any "reliable fact." It is based on Plaintiff's testimony. See Response to No. 1 above.

4. The motivation for the February 18, 2010 disciplinary charges is disputed by Plaintiff's testimony (See response to No. 1 above) and the fact that there were no facts to support the charges. Kuhn Dep. p. 37-38.; Ex. 3.

5. Plaintiff disputes Campbell was not assigned to Engine 34 as of February 18, 2010. The undisputed facts show the firefighters knew Campbell had been reassigned to Engine 34

Case: 1:12-cv-00066-SKB Doc #: 51-1 Filed: 07/09/13 Page: 2 of 8 PAGEID #: 1308

as early as January 18, 2010. Ex. A to Memorandum in Opposition to summary judgment (Doc. 42-1 p.1).

6. Plaintiff disputes the statement that he did not suffer an adverse action at the time charges were brought in February 2010. As a result of the charges being brought the City removed Plaintiff from his duties as a lieutenant. Demasi Dep. 27:15-20; Ex. F. to memorandum in opposition to summary judgment; Broach Dep. Vol. 1 p. 96, 178. In addition, Plaintiff suffered stress, for which he sought counseling until he was cleared of the charges. Broach Dep. Vol. 1 p. 96, 178; Broach Dep. Vol. 1 p. 188-89.

7. Plaintiff disputes that he became aware that the charges were "terminated in his favor" in July 2010. The City did not inform him of the charges being determined unfounded until September 2010 when he returned to work. Ex. 5; Broach Dep. 188-189. Lt. Broach did hear rumors that the investigation was "botched" in July and heard from his PEAP counselor in August that the he, the counselor, had heard the charges would be unfounded. Broach Dep. 188-189.

8. Plaintiff disputes that Lisa Berning sent him a memo in June 2010 because he never received it. Broach Dep. p. 230.

9. Plaintiff agrees with No. 9.

10. Plaintiff disputes he accidentally erased the recording. He testified he taped over it. Broach Dep. Vol. II 303:14-18. Plaintiff denies he decided to file the lawsuit in October 2010. The lawsuit was not filed until January 2012. (Doc. 1).

11. Plaintiff testified he was urged, harassed, and threated to discipline Ron Evans, but he opposed it. Broach Dep. Vol. 1 p. 250:12-18; Broach Affidavit attached to Ex. 6 ¶ 12.

12. Plaintiff agrees that he recorded two meetings convened by Lisa Berning, the City EEO officer, and the person he accused of discrimination, Capt. Campbell, and Lt. Lemons from Internal Investigation Section. Both these meetings were transcribed. Broach Dep. Ex. 21 and 22. Plaintiff disputes that the purpose of the meeting was to help Plaintiff and Capt. Campbell "work better together." The transcripts speak for themselves.

13. Plaintiff agrees he was repeatedly cross examined by Ms. Berning, his Captain, and Lt. Lemons about examples of discrimination he experienced. Plaintiff disputes the failed to provide examples. Broach Dep. Ex. 21 and 22.

14. Plaintiff agrees that he appealed and lost his appeal of some of the discipline discussed at the meetings. Plaintiff disputes the charges brought by Potter were affirmed. Ex. 5.

15. Plaintiff disputes he denied making the anonymous call accusing an officer of being intoxicated. Broach Dep. Vol. 1 p. 225. Anonymous reporting to Internal is allowed. Kuhn Dep. 29-31; Broach Dep. 227.

16. Plaintiff agrees he knows the procedure for addressing an employee suspected of being under the influence. He is permitted to make an anonymous report. Broach Dep. Vol. I p. 227.

17. Plaintiff agrees he was reprimanded for failing to report a damaged vehicle but disputes that he was at fault. Broach Dep. Ex. 22.

18. Plaintiff agrees Lisa Berning, after consulting with officials in the Fire Division, including Lt. Lemons, Acting Chief Kuhn, and Capt. Campbell, recommended that Plaintiff be scheduled for a fitness for duty evaluation. Kuhn Dep. 28; Berning Dep. 62.; Ex. 33. Plaintiff disputes the reasons for the recommendation and argues they were pretextual. Memorandum in opposition to summary judgment p. 24.

3

Case: 1:12-cv-00066-SKB Doc #: 51-1 Filed: 07/09/13 Page: 4 of 8 PAGEID #: 1310

19. Plaintiff disputes the decision to recommend a fitness for duty evaluation was Lisa Berning's alone. The decision to require an evaluation was made by Acting Chief Kuhn. Ex. 8 p. 466-467; Kuhn Dep. 48:10-12. On October 15, 2010, Lisa Berning drafted the memorandum requiring the examination and emailed it to Capt. Campbell and Internal for their review. Ex.33, Doc. 32-1. Capt. Campbell provided input. *Id*.

20. Plaintiff disputes the reasons for the recommendation and argues they were pretextual. Memorandum in opposition to summary judgment p. 24.

21. Plaintiff agrees with No. 21.

22. Plaintiff agrees with No. 22.

23. Plaintiff agrees with No. 23.

24. Plaintiff agrees with No. 24 but adds that at the time of the scheduled examination Plaintiff agreed to release the conclusions of the report to Chief Texter. Ex. 9 p. 5. Negotiations between the parties continued over the language of the release. The examination was scheduled with Dr. Nelson for January 13, 2011. Lt. Broach showed up but Dr. Nelson cancelled because the City, through Sheila Laffey, told him not to proceed without the signed release. Laffey Dep. 52-53. Ms. Laffey seemed to be unaware that the attorneys for Broach and the City had agreed to let the evaluation go forward and resolve the release later. *Id*.

25. Plaintiff disputes that psychological evaluations have been released to Union, Chief Texter and Risk Management. In other cases where fire employees had fitness for duty evaluations, the fire department was only told the conclusion whether the employee was fit and not given the entire report. Demasi Dep. 49-53.

4

Case: 1:12-cv-00066-SKB Doc #: 51-1 Filed: 07/09/13 Page: 5 of 8 PAGEID #: 1311

26. Plaintiff disputes he had no contact with the Department because his attorney contacted the City for him.

27. Plaintiff agrees he signed a release after his attorney had discussions with the City's attorney but signing the release was involuntary because he was threatened with termination (Ex. 14) and the release he signed also authorized the report to go to Capt. Ransick of the Internal Investigation Section. Ex. 9 p. 7.

28. Plaintiff agrees with No. 28.

29. Plaintiff agrees with No. 29 but clarifies that the suggestion to administratively transfer him came from Greg Potter and agreed to by Capt. Campbell. Ex. 17.

30. Plaintiff agrees the City offered him to select an Engine Company to transfer to in lieu of the City administratively transferring him, but Plaintiff disputes his selection was voluntary. Broach Dep. Ex. 28 p. p [bates no. 001340].

31. Plaintiff agrees he selected Engine Co. 51. Plaintiff disputes he suffered no change in salary, benefits, or responsibility due to this transfer. Broach Declaration (Doc. 45-1).

32. Plaintiff agrees with No. 32 but clarifies he did file a charge of retaliation alleging the transfer was in violation of the law. Ex. 6 (Doc. 42-6).

33. Plaintiff agrees with No. 33.

34. Plaintiff submitted evidence the transfer was retaliatory and an adverse action. Broach Declaration (Doc. 45-1).

35. Plaintiff disputes the Potter charges were a discretionary decision. See Response to No. 1.

36. Plaintiff disputes the decision to require a fitness for duty evaluation was not made by a policy maker for the City since the decision was made by Acting Chief Kuhn. Ex. 8 p. 466-467; Kuhn Dep. 48:10-12.

### PLAINTIFF'S DISPUTED ISSUES OF MATERIAL FACT

1. Plaintiff engaged in protected activity by opposing racial discrimination against firefighter Ron Evans by Captain Kevin Campbell. Memo (Doc. 43) p. 3-4 (Ex. 6; Broach Affidavit, Doc. 32-1, Broach Dep. Vol.1 p. 9-10, 15-16, 21, 76, 243, 245-47, 258; Ex. A to memorandum in opposition (Doc. 42-1)).

2. Plaintiff engaged in protected activity by filing a charge of discrimination and harassment with the City EEO office. Ex. 4.

3. Plaintiff engaged in protected activity by participating in the City's investigation of his EEO charges. Broach Dep. Ex. 21 and 22.

4. Plaintiff engaged in protected activity by participating in the City's investigation of Ron Evan's discrimination complaint to the EEO by being a witness for Ron Evans. Ex. 6.

5. Plaintiff engaged in protected activity by filing a charge of discrimination and retaliation with the City EEOC. Ex 11.

6. Plaintiff suffered an adverse action by the City when the City filed unfounded charges against him and delayed its investigation of the charges and withheld from Plaintiff the decision the charges were unfounded for three months, all of which caused Plaintiff stress. Exs. 1, 3, 4, 5; Ex. A p. 06472 to memorandum in opposition (Doc. 42-1); Broach Dep. Vol. I p. 96, 98-99, 178, 188-89.

7. Plaintiff suffered an adverse action by the City when the City removed Plaintiff of his lieutenant duties in March 2010. Demasi Dep. 27:15-20; Ex. F. to memorandum in opposition to summary judgment; Broach Dep. Vol. 1 p. 96, 178.

8. Plaintiff suffered an adverse action by the City when the City removed him from duty and required him to take a fitness for duty evaluation in October 2010 and did not reinstate him until February 2012. Memo (Doc. 43 pp. 20-21 (Winston Dep. 70-79; Broach Dep. Vol. 1 p. 166; Motion p. 14 (City admits Broach soon ran out of sick time).

9. Plaintiff suffered an adverse action by the City when the City delayed Lt. Broach's reinstatement to duty and payroll for three months after he was declared fit for duty. Ex. 16 (fitness for duty evaluation received November 21, 2011); Broach Dep. Vol. I p. 272:8-12.

10. Plaintiff suffered an adverse action by the City when the City forcibly transferred Lt. Broach from his post at Engine 34. (Broach Declaration Doc. 45-1).

Respectfully submitted,

/s/ Jennifer L. Branch
Jennifer L. Branch (0038893)
Trial Attorney for Plaintiff
Alphonse A. Gerhardstein (0032053)
Attorney for Plaintiff
GERHARDSTEIN & BRANCH CO. LPA
432 Walnut St., Suite 400
Cincinnati, OH 45202
(513) 621-9100
Fax (513) 345-5543
jbranch@gbfirm.com
agerhardstein@gbfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2013, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing pleading and the Notice of Electronic Filing has been served by ordinary U.S. mail upon all parties for whom counsel has not yet entered an appearance electronically.

s/ Jennifer L. Branch
Attorney for Plaintiff