UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARK BROACH,                                                                Case No. 1:12-cv-66

    Plaintiff,                                                                      Bowman, M.J

  v.

CITY OF CINCINNATI,

    Defendant.

**MEMORORANDUM ORDER**

On July 12, 2013, this Court granted in part and denied in part Defendant's motion for summary judgment. (Docs. 54, 55). One of the claims that remains for trial is Plaintiff's allegation that he was retaliated against for protected activities involving his support for another firefighter (Evans), and unfairly singled out for discipline when Captain Potter filed charges against him. On July 16, 2013, Defendant moved for reconsideration of all claims relating to the February 2010 Potter charges against Plaintiff, citing *University of Texas Southwestern Medical Center v. Nassar*, 133 S.Ct. 2517, 570 U.S. _____ (June 24, 2013). Plaintiff has filed a response to that motion, to which Defendant has filed a reply.

In *Nassar*, the Supreme Court clarified the standard for evaluating causation in workplace retaliation cases, holding that in order to succeed on such a claim, an employee must prove that an employer's desire to retaliate was the "but for" cause of the challenged employment action. Prior to *Nassar*, Sixth Circuit case law supported a

1

lesser "substantial or motivating factor" causation standard. *See, generally, e.g., Abbott v. Crown Motor Co., Inc.*, 348 F.3d 537, 542-543 (6th Cir. 2003). Defendant argues that it is entitled to reconsideration because this Court denied summary judgment under the pre-*Nassar* causation standard. Specifically, the Court stated "that Plaintiff's testimony that Campbell threatened him for failing to discipline Evans, and that Potter also referred to Plaintiff's conduct concerning Evans in a conversation at the grocery store around the time of the February charges, is sufficient to create a genuine issue of material fact concerning whether Captain Potter was *at least partially motivated* to file charges against Plaintiff based on Plaintiff's prior…arguably protected support of Evans." (Doc. 54, at 13, emphasis added).

Defendant is correct that the Court failed to note the Supreme Court's recent *University of Texas Southwestern Medical Center v. Nassar* decision. Having now fully considered that decision, however, the Court does not agree that judgment in Defendant's favor is warranted. The fact that the Court previously found the evidence sufficient to support a finding that Captain Potter was "at least partially motivated" by retaliatory animus does not preclude the finding now required by *Nassar* - that Captain Potter would not have filed charges "but for" retaliatory animus. In addition to testimony concerning conversations between key parties, the timing of a related event might also be viewed as support for Plaintiff's claim. As Plaintiff points out, the Ludlow fire occurred February 10, 2010 but Captain Potter did not file charges until eight days later, during which time Evans filed a separate EEO claim with the City alleging race discrimination. (*See* Doc. 59 at 4, Joint Stipulation No. 6).

In its reply memorandum, the City reiterates its prior arguments that the evidence is insufficient to show that Potter knew, at the time he filed charges against Plaintiff, that Plaintiff himself had engaged in protected activity.  However, the Court's prior analysis – that Plaintiff has presented sufficient evidence to overcome summary judgment on this disputed factual issue – remains the same.  (*See* Doc. 54 at 13, "Defendant's reference to inconsistencies in Plaintiff's own testimony about the alleged grocery store conversation, and to Potter's and Campbell's denials of that conversation, do not provide grounds for summary judgment, but may be explored at trial.")  The only issue presented at this juncture is whether that same evidence is sufficient to show that "but for" retaliatory animus, Potter would not have filed the charges.  Having answered that query in the affirmative under the *Nassar* standard, **IT IS ORDERED THAT** Defendant's Motion for Reconsideration (Doc. 56) is **DENIED.**

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge